**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ANGEL RIGOBERTO TORRES,

                        Plaintiff,                          **ORDER**

        -against-                                CV 17-5425 (ADS) (AKT)

NEW HIGH TECH CAR WASH & LUBE, INC.
and DAVID BARAM,

                        Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

The Court has reviewed counsel for Defendants' motion to re-open discovery solely for the purpose of adding four fact witnesses to the Defendants' Rule 26 Initial Disclosures so that these individuals may be called as witnesses at trial. *See* DE 36. The Court has also reviewed Plaintiff's opposition. *See* DE 38.

In considering a motion to re-open discovery, courts consider the following six factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *Moroughan v. Cty. of Suffolk*, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018) (quoting *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776 DRH AKT, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008)).

Although the motion is opposed (factor (2)) and several months have passed between the close of discovery and the filing of the motion (factor (4)), trial is not imminent (factor (1)), and in the Court's view, these witnesses are likely to provide information that will lead to relevant evidence (factor (6)). With respect to factors (3) and (5), it is less clear in whose favor these

factors weigh. However, the Court notes that Plaintiff has not established the kind of prejudice contemplated by factor (3), particularly since Defendants must pay the costs associated with the two depositions as set forth below. The remaining "prejudice" is the delay in completing the pre-trial phase of the case and that alone is insufficient meet the standard of actual prejudice.

Having considered the arguments of the parties in the context of the six factors set forth above, and keeping in mind this Circuit's "clear preference for adjudication on the merits," *Kondaur Capital Corp. v. Cajuste*, 849 F. Supp. 2d 363, 368 (E.D.N.Y. 2012) (quoting *Miller v. Apfel*, 210 F.3d 355 (2d Cir. 2000)), the Court will re-open discovery to allow Defendants' to amend their Initial Disclosures by adding two (2) of the four (4) witnesses they seek. However, Defendants shall bear the cost of any additional depositions involving the two fact witnesses they choose to add. Discovery is therefore re-opened for a period of sixty (60) days from the issuance of this Order – November 11, 2019.

The Court is setting this matter down for a telephone conference on November 20, 2019 at 11 a.m.

**SO ORDERED.**

Dated: Central Islip, New York
      September 12, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge